UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARLOS HIDALGO, et al., | Case No. 2:13-cv-00196-MMD-CWH |
| Plaintiffs, | ORDER |
| v. | (Plaintiffs' Motion for Temporary Restraining Order – dkt. no. 12) |
| NATIONAL DEFAULT SERVICING CORPORATION, et al., | |
| Defendants. | |

**I.   INTRODUCTION**

Before the Court is Plaintiffs' Motion for a Temporary Training Order ("TRO"). (Dkt. no. 12.) For the reasons set forth below, the Motion is denied.

**II.  BACKGROUND**

On November 8, 2005, Plaintiffs Carlos and Brigitta Hidalgo purchased the Property located at 9625 Lost Prospect Court, Las Vegas, Nevada 89178 ("Property"). On November 18, 2005, Plaintiffs executed a Deed of Trust and Note for $513,885.00. Defendant Wells Fargo was listed as the Lender and Beneficiary and United Title of Nevada was listed as the Trustee under the Deed of Trust. On March 6, 2010, a Notice of Default and Election to Sell under the Deed of Trust ("Notice of Default") was recorded in the Clark County's Recorder's Office. The date of Plaintiffs' default was listed as July 2009.

On September 14, 2012, a Notice of Rescission of Notice of Default was recorded in the Clark County Recorder's Office, rescinding the Notice of Default recorded on

March 2010. On July 19, 2010, Plaintiffs executed a Loan Modification Agreement on the November 2005 Deed of Trust and Note. On July 18, 2012, a Corporation Assignment of Deed of Trust was recorded in the Clark County Recorder's Office. In that Assignment, Wells Fargo transferred and assigned all interest in the November 2005 Note and Deed of Trust to HSBC. On July 18, 2012, a Substitution of Trustee was recorded in the Clark County Recorder's Office by National Default Servicing Corporation ("NDSC"), substituting itself as Trustee under the November 2005 Deed of Trust. (Dkt. no. 14, ex. G.) On August 27, 2012, NDSC recorded a Notice of Default in the Clark County Recorder's Office, listing the date of Plaintiffs' default as October 1, 2011. (*Id.* at ex. H.)

On December 7, 2012, a Certificate from the Nevada Foreclosure Mediation Program was recorded in the Clark County Recorder's Office allowing the Beneficiary to proceed with a foreclosure on the Property. On December 31, 2012, NDSC recorded a Notice of Trustee's Sale in the Clark County Recorder's Office, listing the amount due and owing on the November 2005 Note as $597,159.29. (Dkt. no. 14, ex. J.)

On January 18, 2013, Plaintiffs filed a Complaint in the Eighth Judicial District of Clark County, Nevada. The court granted Plaintiffs a TRO on January 26, 2013. Plaintiffs filed a Motion for a Preliminary Injunction that same day. Defendant Wells Fargo removed the case to this Court on February 6, 2013. On February 13, 2013, Plaintiffs filed a Motion to Amend their Complaint and a Motion for Preliminary Injunction. Plaintiffs filed this Motion on February 19, 2013. A foreclosure sale on the Property is scheduled for February 25, 2013.

**III.  MOTION FOR TEMPORARY RESTRAINING ORDER**

   **A.  Legal Standard**

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party

can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F. 3d 832, n.7 (9th Cir. 2001). Further, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A temporary restraining order may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

**B.   Plaintiffs are Unlikely to Succeed on the Merits**

Plaintiffs do not deny that they have defaulted on their loan. Rather, they argue that their home was defectively foreclosed upon because Defendants did not comply with the notice requirements of Nevada's foreclosure statute, NRS § 107.080(2)(c). The statute states:

> (c) The beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of the election to sell or cause to be sold the property to satisfy the obligation which, except as otherwise

>provided in this paragraph, includes a notarized affidavit of authority to exercise the power of sale stating, **based on personal knowledge** and under the penalty of perjury:
>
>>(1) The full name and business address of the trustee or the trustee's personal representative or assignee, the current holder of the note secured by the deed of trust, the current beneficiary of record and the servicers of the obligation or debt secured by the deed of trust;
>>
>>(2) The full name and last known business address of every prior known beneficiary of the deed of trust;
>>
>>(3) That the beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee is in actual or constructive possession of the note secured by the deed of trust;
>>
>>(4) That the trustee has the authority to exercise the power of sale with respect to the property pursuant to the instruction of the beneficiary of record and the current holder of the note secured by the deed of trust;
>>
>>(5) The amount in default, the principal amount of the obligation or debt secured by the deed of trust, a good faith estimate of all fees imposed and to be imposed because of the default and the costs and fees charged to the debtor in connection with the exercise of the power of sale; and
>>
>>(6) The date, recordation number or other unique designation of the instrument that conveyed the interest of each beneficiary and a description of the instrument that conveyed the interest of each beneficiary.

NRS § 107.080(2)(c) (emphasis added).

Here, the affiant Kelly Cornelious, Vice President of Loan Documentation for Wells Fargo, stated that her knowledge regarding the facts required concerning the Property's foreclosure (the requirements of NRS § 107.080(2)(c)(1)-(6)) were known to her "based upon [her] personal review of business records of Wells Fargo which have been presented to [her] to be true by persons employed by Wells Fargo . . . ." (dkt. no. 12 at 80). Plaintiffs argue that this statement does not meet the requirements of NRS § 107.080(2)(c), because Cornelious did not testify based on her *personal* knowledge, but rather her knowledge of the NRS § 107.080(2)(c)(1)-(6) requirements based on her review of Wells Fargo's records.

///

1   The Court disagrees with Plaintiffs' interpretation of the statute. The first step in statutory construction "is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002). "[C]ourts in the Ninth Circuit have determined that '[p]ersonal knowledge . . . is not strictly limited to activities in which the declarant has personally participated.'" *Marceau v. Idaho*, 1:09-CV-00514-N-EJL, 2011 WL 3439178, at *8 (D. Idaho Aug. 5, 2011) (*quoting Washington Cent. R.R. Co., Inc. v. Nat'l Mediation Bd.*, 830 F. Supp. 1343, 1352-53 (E.D. Wash. 1993)). Rather, "[p]ersonal knowledge can come from the review of the contents of business records, and an affiant may testify to acts that she did not personally observe but which have been described in business records." *AT & T Corp. v. Overdrive, Inc.*, 2006 WL 3392746, at *2 (N.D. Ohio Nov. 21, 2006).

Moreover, here, because of Cornelious' position within Wells Fargo, the Court determines that she had personal knowledge of the information. "Personal knowledge can be inferred from a declarant's position within a company or business." *Edwards v. Toys 'R Us*, 527 F. Supp. 2d 1197, 1201 (C.D. Cal. 2007) (citing *In re Kaypro*, 218 F.3d 1070, 1075 (9th Cir. 2000) ("Personal knowledge may be inferred from a declarant's position"); *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 206 F.3d 1322, 1330 (9th Cir. 2000); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) (concluding that a CEO's personal knowledge of various corporate activities could be presumed)). Cornelious' position as Vice President of Loan Documentation for Wells Fargo allows the Court to infer that she did in fact have personal knowledge of the facts contained in her Affidavit of Authority in Support of the Notice of Default.

### C. Irreparable Harm, Balance of Equities, and Public Interest

Plaintiffs cannot demonstrate a likelihood of success on the merits. Though a foreclosure sale would undoubtedly cause Plaintiffs irreparable harm, the Court holds that the balance of equities and the public interest do not weigh in favor of granting

extraordinary relief to Plaintiffs. Granting the TRO would only further prolong the inevitable foreclosure sale of Plaintiffs' Property, as Plaintiffs are unlikely to succeed on their claim that Defendants defectively foreclosed upon the Property.

**IV.   CONCLUSION**

IT IS HEREBY ORDERED that Plaintiffs' Motion for a Temporary Restraining Order (dkt. no. 12) is DENIED.

IT IS FURTHER ORDERED that the Motion for Preliminary Injunction hearing originally scheduled for March 5, 2013 (dkt. no. 5), is VACATED.

ENTERED THIS 21st day of February 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE